IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ROTHSCHILD PATENT IMAGING LLC, § § § | |
| Plaintiff, § | Case No: 6:21-cv-01043 |
| § | |
| vs. § | PATENT CASE |
| § | |
| THE KNOT WORLDWIDE, INC., § | JURY TRIAL DEMANDED |
| § | |
| Defendant. § § | |

## COMPLAINT

Plaintiff Rothschild Patent Imaging LLC ("Plaintiff" and/or "RPI") files this original Complaint against The Knot Worldwide, Inc. ("Defendant" or "TKWI") for infringement of United States Patent No. 8,437,797 ("the '797 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company having an address at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

4. On information and belief, Defendant is a Delaware corporation with a place of business at 2700 W. Anderson Lane Suite 602 Austin TX 78756. On information and belief, Defendant may be served through its registered agent, Corporation Service Company d/b/a

CSC - Lawyers Inco, 211 E. 7th Street, Suite 620 Austin, TX 78701.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,437,797)

8. Paragraphs 1-7 are incorporated herein.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10. Plaintiff is the owner by assignment of the '797 Patent with sole rights to enforce the '086 patent and sue infringers.

11. A copy of the '797 Patent, titled "Wireless Image Distribution System and Method," is attached hereto as Exhibit A.

12. The '797 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. On information and belief, Defendant has infringed and continues to infringe one or more claims (at least by having its employees, or someone under Defendant's control, test the

accused product), including at least Claim 16 of the '797 Patent by making, using, importing, selling, and/or offering for sale network storage systems including hardware, software and firmware, covered by at least Claim 16 of the '797 Patent.

14. On information and belief, Defendant sells, offers to sell, and/or uses network storage systems and methods including, without limitation, the The Knot photo, media, and file storage and sharing system, The Guest app, and any similar products ("Product"), which infringe at least Claim 16 of the '797 Patent.

15. The Product uses an image capturing device to perform a method. The Product receives and filters photographic images from cameras. The Product also shares the images according to certain conditions. Certain aspects of this element are illustrated in the screenshots below, and/or the screenshots provided in connection with other elements discussed herein.



Source: https://play.google.com/store/apps/details?id=com.veri.veri&hl=en&gl=US



Source: https://www.theknot.com/photo-sharing-app/

16. The Product practices receiving a plurality of images. For example, the Product provides for receiving multiple photos from a user device and receiving the photos in a photo library. The Product's app can access captured images (e.g., images stored on a smartphone) and allow a user to transfer the images to other users. Certain aspects of this element are illustrated in the screenshots below, and/or the screenshots provided in connection with other elements discussed herein.



17. The Product practices filtering the plurality of photographic images (e.g., sorting the photos) using a transfer criteria (e.g., by person, scene, location, date range, etc.). Certain aspects of this element are illustrated in the screenshots below, and/or the screenshots provided in connection with other elements discussed herein.



18. The Product practices transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images. For example, files of filtered photos can be shared with other mobile devices. The Product enables a user to search, download, and share photos to a second image capturing device (e.g., another mobile device or a computer). Certain aspects of this element are illustrated in the screenshots below, and/or the screenshots provided in connection with other elements discussed herein.



19. When using the Product to share photos with a group (e.g., social media group or private group), the image capturing device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device (e.g., the users of both devices belong to the same social media group and may send images to each other as well as other users). Certain aspects of this element are illustrated in the screenshots below, and/or the screenshots provided in connection with other elements discussed herein.



20. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

21. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

23. Rothschild Broadcast Distribution Systems, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted

herein;

(b)    Enter an Order Enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,936,086 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)    Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)    Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)    Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: October 6, 2021.                    Respectfully submitted,

/s/ Jay Johnson
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kpllc.com
bkizzia@kpllc.com

**ATTORNEYS FOR PLAINTIFF**